IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROBERT TIMOTHY YOUNG, III,<br><br>    Plaintiff,<br><br>    v.<br><br>BALTIMORE CITY POLICE DEPT., and DANIEL HERSEL,<br><br>    Defendants. | Civil Action No.:  JRR-25-888 |

**MEMORANDUM OPINION**

Plaintiff Robert Timothy Young, III, filed this action for violation 42 U.S.C. § 1983, together with a Motion for Leave to Proceed in Forma Pauperis. ECF Nos. 1, 2. The Motion for Leave to Proceed in Forma Pauperis shall be granted. Because Plaintiff proceeds *in forma pauperis*, this Court is obligated to screen the Complaint for sufficiency. 28 U.S.C. § 1915A. A district court "shall dismiss [a] case" filed by a plaintiff proceeding *in forma pauperis* if the court determines that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i).

A self-represented party's complaint must be construed liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, a pro se plaintiff still carries "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). With those standards in mind, and for the following reasons, Plaintiff's Complaint is dismissed.

In his Complaint, Plaintiff names as Defendants the Baltimore City Police Department and Daniel Hersel, Former Baltimore City Police Detective. ECF No. 1. Plaintiff alleges that "[o]n August 8, 2015 . . . Daniel Hersel falsely arrested me in Latrobe Projects for a handgun that he planted. During my arrest former Det. Hersel threatened to shoot me if I didn't cooperate. I was ultimately arrested and convicted for a crime I didn't commit." *Id*. at 4. Plaintiff seeks monetary damages. *Id*. at 5.

Review of the Maryland Judiciary Case Search[1] shows that Plaintiff was found guilty of illegal possession of a firearm and second-degree assault in the Circuit Court for Baltimore City on February 3, 2017, and sentenced to three years' imprisonment. *State v. Young*, Case No. 115215028 (Cir. Ct. Balt. City). The offense date is listed as July 9, 2015, and the charges were filed on August 3, 2015. *Id*. On March 19, 2025, Plaintiff filed a post-conviction petition in the case, which remains pending. *Id*.

Plaintiff appears to pursue a civil action here based on alleged deficiencies in his criminal case in state court. Such a cause of action is prohibited under the Supreme Court's decision in *Heck v. Humphrey*, 512 U. S. 477, 486–87 (1994). In *Heck*, the Supreme Court held that claims challenging the legality of a conviction are not cognizable in an action under 42 U.S.C. § 1983 unless and until the conviction is reversed, expunged, invalidated, or impugned; complaints containing such claims must therefore be dismissed without prejudice. *Id*. "A prisoner may not recover damages under § 1983 for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, without first having that conviction or sentence reversed, expunged, or called into question

---

[1] https://casesearch.courts.state.md.us/casesearch/inquiry-search.jsp (last visited June 4, 2025). Pursuant to Fed. R. Evid. 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

by issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 486-87. The Supreme Court affirmed this principle in *Muhammad v. Close*, 540 U.S. 749, 751 (2004), holding that where "success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Id.* Plaintiff's claims are therefore dismissed without prejudice.[2]

      A separate Order follows.

June 6, 2025

/S/
_____
Julie R. Rubin
United States District Judge

---

[2] To the extent Plaintiff believes he is detained in violation of the United States Constitution or laws of the United States he may file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.